Opinion
COOPERMAN, P. J.
Defendant Rolando Ramirez appeals from an order denying his motion to vacate the entry of default and to set aside the default judgment taken against him.
 The thrust of his position is that both the entry of default and the default judgment are void for lack of jurisdiction.[1] He reasserts the ground in his motion that the clerk was without jurisdiction to enter his default since he had in fact filed an answer to the complaint.[2] He concludes that the judgment, which was based on that void entry of default, was therefore likewise void. Alternatively, defendant urges, for the first time on appeal, that the court was without jurisdiction to render a default judgment since the complaint failed to specify the amount of damages being sought against defendant.[3] (Code Civ. Proc., § 580; Becker v. S.P.V. Construction Co. (1980) 27 Cal.3d 489, 493-494 [165 Cal.Rptr. 825, 612 P.2d 915].)
From our review of the record we find defendant’s position to be without merit and affirm. The record, which consists solely of the clerk’s transcript, reflects, in pertinent part, the following chronology:
On January 31, 1983, Charles and Dorothy Wisdom filed the complaint in question. It was served on defendant by personal service on February 3, 1983. Plaintiffs sought recovery of damages against defendant on various legal theories. However, from our examination of the pleading, it is clear that the gravamen of the complaint is the alleged violations of Civil Code *Supp. 5 section 789.3.[4] The complaint essentially charged defendant landlord with unlawfully removing the front door, stove, sink, and refrigerator of plaintiffs’ apartment in an attempt to evict plaintiffs constructively in retaliation for their action of withholding a portion of their rent as a means to enforce their rights to a habitable dwelling.
Paragraphs 7, 8, and 9 of the complaint, respectively, alleged:
“7. By reason of the foregoing unlawful acts of defendant, plaintiffs are entitled to damages pursuant to California Civil Code section 789.3 in the amount to be determined.[5]
“8. By reason of the aforementioned acts of defendant, plaintiffs obtained legal counsel and are entitled to reasonable attorney’s fees pursuant to California Civil Code section 789.3.[6]
“9. In doing the foregoing acts, defendants acted maliciously and without probable cause, and without regard for the rights, health and feelings of plaintiffs and with the intent of oppressing plaintiffs; said acts were done by defendants with the intent, design, and purpose on the part of defendants to injure plaintiffs; by reason thereof plaintiffs are entitled to exemplary and punitive damages in the amount of $15,000.”
The prayer of the complaint requested: “1. Damages in the amount to be determined; 2. Punitive damages in the amount of at least $15,000; 3. Reasonable attorney’s fees, if allowed by law; 4. For cost of suit; 5. For such other and further relief that the court deems just and proper.” It also stated: “6. Plaintiffs waive all amounts in excess of the court’s jurisdiction.”
*Supp. 6 Also on January 31 the court granted plaintiffs’ ex parte application for a temporary restraining order and an order to show cause re issuance of a preliminary injunction. Following a hearing on February 14, 1983, a preliminary injunction was issued against defendant and a codefendant, Ralph Ramirez. The minutes of the February 14 hearing reflects that defendant made no appearance. On March 1, 1983, however, a document entitled “Declaration (CCP §§ 527, 2015.5) by Defendant Opposing Application for Preliminary Injunction (CCP § 527)” was filed on behalf of defendant by his attorney, albeit no motion to modify or dissolve the preliminary injunction was made.
No answer or other responsive pleading to the complaint was filed by defendant.[7] On March 14, 1983, defendant’s default was entered by the clerk pursuant to plaintiffs’ request. The oral prove-up hearing for the award of damages was originally scheduled for July 25, 1983. Both that hearing and a subsequently scheduled hearing on August 17, 1983, however, were placed off calendar.
Following a hearing on September 28, 1983, a default judgment was entered by the court in favor of plaintiffs and against defendant and codefendant Ralph Ramirez in the total sum of $11,479.95, plus attorney fees in the sum of $1,250.
On March 12, 1984, defendant filed a motion to set aside the default and default judgment taken against him. Although the motion was accompanied by a declaration of merits, the declaration was not executed by defendant. Defendant proffered no evidence in support of the motion. Instead, he merely asserted in his points and authorities that the document entitled “Declaration by Defendant Opposing Application for Preliminary Injunction” constituted the requisite responsive pleading necessary to avoid the entry of a default and subsequent default judgment against him.
In their opposition papers filed March 22, 1984, plaintiffs essentially took the view that a reasonable interpretation of the document in question established that it did not constitute an answer to the complaint.
On April 2, 1984, defendant’s motion was denied. The minutes are silent concerning whether it was denied following a hearing and whether any party or his respective attorney was present when the motion was considered and denied. Moreover, the court apparently issued no memo *Supp. 7 randum of decision.[8]
 Although the legal and factual basis for the court’s ruling is unknown, it is incumbent upon us to uphold the trial court’s action if it is correct on any legal theory applicable to the case. (D’Amico v. Board of Medical Examiners (1974) 11 Cal.3d 1, 18-19 [112 Cal.Rptr. 786, 520 P.2d 10].)
We first address defendant’s contention that the judgment is void since the clerk was without jurisdiction to enter defendant’s default. The authority of the clerk of a court to enter a default is expressly set out in Code of Civil Procedure section 585.[9] In short, the clerk is authorized to enter a defendant’s default when no responsive pleading, as enumerated in that section, has been filed. (But see Baske v. Burke (1981) 125 Cal.App.3d 38, 42, 45 [177 Cal.Rptr. 794].)
Conversely, where a responsive pleading is on file, the clerk is not authorized to enter a default. “[T]he purported entry [in this latter instance is] wholly void and subject to expungement at any time [citations].” (Original italics.) (Potts v. Whitson (1942) 52 Cal.App.2d 199, 207 [125 P.2d 947]; Wilson v. Goldman, supra, 274 Cal.App.2d 573, 577 [79 Cal.Rptr. 309]; see also Farrar v. Steenbergh (1916) 173 Cal. 94, 96-97 [159 P. 707]; Baird v. Smith (1932) 216 Cal. 408, 410-411 [14 P.2d 749].)
In the present case defendant concedes that the document entitled “Declaration (CCP §§ 527, 2015.5) by Defendant Opposing Application for Preliminary Injunction (CCP § 527)” is not properly an answer to the complaint. In other words, not only is the document not labeled an “answer,” it is not a pleading,[10] nor is its stated purpose to controvert the *Supp. 8 material allegations of the complaint with allegations generally or specifically denying them or to set forth new matter constituting a defense. (Code Civ. Proc., §§ 431.30, 420; cf. Code Civ. Proc., §§ 2003, 2009, 2015.5.)
He urges, however, that the document should be construed to be the equivalent of an answer since “although inartfully entitled and documented [sz'c], [it] nevertheless contained language generally denying all of the material allegations of the Complaint.” He further urges that the document should be considered an “answer” to the complaint for the additional reason that under the rules of the pilot project for economic litigation technical forms of pleading are not necessary (Cal. Rules of Court, rule 1715(a)) and an “answer” under those rules is simply a pleading that admits or denies the allegations of the complaint (Cal. Rules of Court, rule 1715(c)).
We reject defendant’s contentions. Initially, we point out that this action, which was filed on January 31, 1983, is not subject to the rules governing the pilot economic litigation project. California Rules of Court, rule 1711(a), expressly limits the project to those “civil action[s] filed and heard between January 1, 1978, and December 31, 1980 . . . .”
Furthermore, “[i]t is settled that the entry of default by the clerk is a ministerial duty and that he has no authority whatever to determine the sufficiency, either as to the substance or form, of a pleading on file. (Rose v. Lelande (1912) 20 Cal.App. 502, 503-504 [129 P. 599]; Bristol Convalescent Hosp. v. Stone (1968) 258 Cal.App.2d 848, 862 [66 Cal.Rptr. 404].)” (Goddard v. Pollock (1974) 37 Cal.App.3d 137, 143 [112 Cal.Rptr. 215]; Potts v. Whitson, supra, 52 Cal.App.2d 199, 207.
Accordingly, the clerk in the present case was not authorized to peruse the document in question to determine whether or not it constituted an answer or should be construed as one. Instead, the clerk was entitled to rely on the document’s label in making the determination whether an answer had been filed by defendant. (Goddard, supra, at p. 143; cf. Baske, supra, 125 Cal.App.3d at pp. 42, 45.) Nothing in the label here would have alerted a reasonable clerk that the document was intended to be an answer to the complaint.[11] Nor did defendant here notify the court prior to the entry of default that he intended the document in question to be a response to the complaint. (Cf. Baske, supra, 125 Cal.App.3d 38, at pp. 42, 45.)
*Supp. 9 We turn now to defendant’s alternative ground for asserting that the judgment is void. Specifically, defendant claims that the award of $11,479.95 as compensatory damages was in excess of the court’s jurisdiction for the reason that “neither the Prayer nor the body of the Complaint demands a specific amount of compensatory damages.” (See Code Civ. Proc., § 580.) He asserts that although the prayer requests the specific sum of $15,000 as punitive damages, it is established that a prayer for punitive damages in a certain amount cannot be used to justify such an award of compensatory damages. (Becker v. S.P.V. Construction Co., supra, 27 Cal.3d 489, 494-495.)
As an attendant argument, defendant contends that the award of $1,250 as attorney fees pursuant to Civil Code section 789.3 is also void. He argues that such an award would be proper only if plaintiffs were the “prevailing parties.” He claims that they are not since there is no “final judgment,” inasmuch as the award of compensatory damages is void. (See Leo v. Dunlap (1968) 260 Cal.App.2d 24, 27-28 [66 Cal.Rptr. 888].)
We have no quarrel with defendant’s recitation of law. We conclude, however, that defendant misapprehends the applicability of the law to the facts of this case.
“[Code of Civil Procedure section 580] provides in relevant part that [1] [t]he relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint . . . . ’ The primary purpose of this section is to insure that defendants in cases which involve a default judgment have adequate notice of the judgments that may be taken against them. (Anderson v. Mart (1956) 47 Cal.2d 274, 282 [303 P.2d 539].) ‘If a judgment other than that which is demanded is taken against him, [the defendant] has been deprived of his day in court—a right to a hearing on the matter adjudicated. ’ (Burtnett v. King, supra, 33 Cal.2d at p. 808; accord Swycaffer v. Swycaffer [(1959)] 44 Cal.2d [689] at p. 693 [285 P.2d 1].)” (Becker, supra, 27 Cal.3d at p. 493.)
We find no violation of section 580 in the present case.
Unlike the situation in courts of general jurisdiction, such as superior courts, where “sky is the limit” awards are possible, a municipal court, which is a court of limited jurisdiction, has subject matter jurisdiction in *Supp. 10 actions seeking monetary damages only over matters where the amount in controversy is $15,000 or less.[12] (Code Civ. Proc., § 86.) The prayer in the present case reveals that plaintiffs “waive all amounts in excess of the Court’s jurisdiction.” Defendant here was thus on notice that, at most, he would be subject to an award of damages against him in an amount of no more than $15,000. The actual award in the sum of $11,479.95 fell far below that amount.[13]
Specifically, we reject defendant’s contention that the request for compensatory damages here is violative of section 580 for lack of a monetary amount certain. We conclude that, when viewed with the jurisdictional limit in mind, the references in the complaint to damages pursuant to Civil Code section 789.3 provide defendant with sufficient notice to satisfy the mandate of section 580. (See Thorson v. Western Development Corp. (1967) 251 Cal.App.2d 206, 212 [59 Cal.Rptr. 299], cited with approval in Becker, supra, 27 Cal.3d at 494.)
Civil Code section 789.3, subdivision (c), provides: “(c) Any landlord who violates this section shall be liable to the tenant in a civil action for all of the following: (1) Actual damages of the tenant. (2) An amount not to exceed one hundred dollars ($100) for each day or part thereof the landlord remains in violation of this section. In determining the amount of such award, the court shall consider proof of such matters as justice may require; however, in no event shall less than two hundred fifty dollars ($250) be awarded for each separate cause of action. Subsequent or repeated violations, which are not committed contemporaneously with the initial violation, shall be treated as separate causes of action and shall be subject to a separate award of damages.”
*Supp. 11 Based on the foregoing analysis, we further conclude that defendant’s companion argument that the award of attorney’s fees is void for lack of a valid “final judgment” is also devoid of merit.
The order is affirmed.
Bernstein, J., and Shabo, J., concurred.

 A void entry of default or judgment may be attacked collaterally at any time by a motion to vacate under Code of Civil Procedure section 473. An order denying a motion made on those grounds is appealable under Code of Civil Procedure section 904.2, subdivision (b). (See County of Ventura v. Tillett (1982) 133 Cal.App.3d 105, 110-111 [183 Cal.Rptr. 741]; Burtnett v. King (1949) 33 Cal.2d 805, 806-807 [205 P.2d 657, 12 A.L.R.2d 333]; Wilson v. Goldman (1969) 274 Cal.App.2d 573, 577 [79 Cal.Rptr. 309].)

 Defendant does not renew the other basis for his motion, i.e., total abandonment of defendant by his former attorney.

 Although defendant did not present this ground in his motion below, the issue of subject matter jurisdiction is never waived and may be raised for the first time on appeal. (Petty v. Manpower, Inc. (1979) 94 Cal.App.3d 794, 798-799 [156 Cal.Rptr. 622].)

 Civil Code section 789.3, in pertinent part, provides: “(a) A landlord shall not with intent to terminate the occupancy under any lease or other tenancy or estate at will, however created, of property used by a tenant as his residence willfully cause, directly or indirectly, the interruption or termination of any utility service furnished the tenant, including, but not limited to, water, heat, light, electricity, gas, telephone, elevator, or refrigeration, whether or not the utility service is under the control of the landlord, [f] (b) In addition, a landlord shall not, with intent to terminate the occupancy under any lease or other tenancy or estate at will, however created, of property used by a tenant as his or her residence, willfully: [H] (1) Prevent the tenant from gaining reasonable access to the property by changing the locks or using a bootlock or by any other similar method or device; [S] (2) Remove outside doors or windows; . . .”

Civil Code section 789.3, subdivision (c), which specifies the nature of recoverable damages and a formula for calculating certain damages, is set forth, post, at page Supp. 10.

 Civil Code section 789.3, subdivision (d) provides: “In any action under subdivision (c) the court shall award reasonable attorney’s fees to the prevailing party. In any such action the tenant may seek appropriate injunctive relief to prevent continuing or further violation of the provisions of this section during the pendency of the action. The remedy provided by this section is not exclusive and shall not preclude the tenant from pursuing any other remedy which the tenant may have under any other provision of law.”

We disagree with defendant’s assertion to the contrary, post, at pages Supp. 7-8.

 In the judgment roll there is a document which is simply entitled “Ruling.” Although the document refers to defendant’s motion for default relief, sets forth certain reasons for denial of the motion, and announces that “the motion is denied,” the document bears no name or signature of its author nor any date. More importantly, the document exhibits no indicia, such as a filing stamp entry, that it is an official court record. Arguably, the document could reflect the court’s tentative ruling or a memorandum or statement of decision. However, nothing in the record indicates what this document is or purports to be. Accordingly, we disregard the document as a matter not of record.

 Subdivision (b) of section 585 provides, in pertinent part, that in an action other than on a contract, “if the defendant has been served, other than by publication, and no answer, demurrer, notice of motion to strike . . ., notice of motion to transfer . . ., notice of motion to quash service of summons or to stay or dismiss the action ... or notice of the filing of a petition for writ of mandate . . . has been filed . . ., the clerk, . . . upon written application of the plaintiff, shall enter the default of the defendant.”

 Specifically, we note that a declaration is not one of the documents expressly enumerated in Code of Civil Procedure section 585, the filing of which would preclude the entry of default by the clerk.

 Parenthetically, from our review of the document, it is clear that its sum and substance is simply to set forth evidence to oppose plaintiffs’ application for injunctive relief, which is also its stated purpose.

 Effective January 1, 1986, the monetary jurisdictional limit of municipal courts will be raised to $25,000. (Assem. Bill No. 82, Ch. 1383.)

 We note that the award of damages here is not characterized as representing compensatory or punitive damages, or some of each. Nonetheless, the failure of the court to apportion the award between actual damages and punitive damages does not render the award void or erroneous. (See Cobian v. Ordonez (1980) 103 Cal.App.3d Supp. 22, 29-30 [163 Cal.Rptr. 126].) Any “uncertainty in the basis of the award by the trial court must be resolved in favor of [upholding the] judgment since defendant prosecuted his appeal to this court on a judgment roll only.” (Thorson v. Western Development Corp. (1967) 251 Cal.App.2d 206, 214 [59 Cal.Rptr. 299]; cit. omitted; see also Denham v. Superior Court (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].) Moreover, a defaulted defendant is not entitled to interpose a denial or affirmative defense to the monetary damages claimed by plaintiff, either as to the nature or the amount of damages sought, unless the award reflects a jurisdictional defect. (See Devlin v. Kearny Mesa AMC/Jeep/Renault, Inc. (1984) 155 Cal.App.3d 381, 385-387 [202 Cal.Rptr. 204].)