*Supp. 22 Opinion
SOVEN, J.
—Defendants Eugene and Kathryn McAdoo appeal from an order denying their motion to vacate a default and default judgment. We affirm.
Facts
Plaintiff Roscoe Brown filed a complaint against defendants, alleging causes of action on theories of strict liability, negligence, and negligent infliction of emotional distress. Plaintiff alleged that he had rented an apartment from defendants, the stove in the ápartment was defective, defendants refused to repair the stove, a fire broke out in plaintiff’s apartment caused by the defective stove, and plaintiff, fleeing “in panic” saw the apartment and all his possessions bum. Plaintiff requested general damages for his distress, his personal property, interruption of his quiet enjoyment of the premises and use of his personal property, all “according to proof . . . .” No specific amount was requested. Plaintiff concluded his prayer by remitting “all amounts in excess of the jurisdictional maximum of this Court.”
Defendants did not answer the complaint, and a default was entered against them. After the default was entered, plaintiff filed and served a “Statement of Damages,” requesting certain amounts and remitting all amounts in excess of municipal court jurisdiction. The court granted a judgment in plaintiff’s favor in the amount of $25,000.
Discussion
I.
Defendants contend that the trial court erred in denying their motion to vacate the judgment. Defendants, relying on Code of Civil Procedure sections 425.10, 425.11, and 580, contend that the default and default judgment are void, first, because no specific amount was requested in the complaint, and second, because plaintiff did not serve a statement of damages sought before seeking entry of default. The contentions are without merit.
First, Code of Civil Procedure section 425.11 does not apply to municipal court actions. That section provides, as relevant, that when a “complaint ... is filed in . . . the superior court . . . the plaintiff shall give *Supp. 23 notice to the defendant of the amount of . . . damages sought . . . before a default may be taken . . . .” (Italics added.) Thus, whether or when plaintiff served a statement of damages is not relevant; none was required.
Second, Code of Civil Procedure sections 425.10 and 580 have limited application in the municipal court. Section 425.10, which defines a complaint, states, as relevant, that if “the recovery of money or damages be demanded, the amount thereof shall be stated, ...” Section 580 provides that the “relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; . . .”
Plaintiff’s complaint, as noted, sought “general damages” for emotional distress “according to proof,” damages for loss of plaintiff’s personal property, “according to proof,” and damages for interference with plaintiff’s quiet enjoyment of the premises and use of his property, also “according to proof.” The prayer concluded: “Plaintiff remits all amounts in excess of the jurisdictional maximum of this Court.”
The substance and prayer of the complaint, when combined with the remission of all sums exceeding municipal court jurisdiction, satisfied the notice requirements of Code of Civil Procedure sections 425.10 and 580. “Unlike the situation in courts of general jurisdiction, such as superior courts, where ‘sky is the limit’ awards are possible, a municipal court, which is a court of limited jurisdiction, has subject matter jurisdiction in actions seeking monetary damages only over matters where the amount in controversy is [$25,000] or less.” (Wisdom v. Ramirez (1985) 177 Cal.App.3d Supp. 1, 9-10 [222 Cal.Rptr. 923].) Defendants had adequate notice of the scope of their potential liability. (Cf. Greenup v. Rodman (1986) 42 Cal.3d 822, 830 [231 Cal.Rptr. 220, 726 P.2d 1295].)
The trial court did not err in entering a judgment after default in plaintiff’s favor.
II.*
*Supp. 24 The order denying the motion to set aside the default and default judgment is affirmed. Respondent to recover costs on appeal.
Cooperman, P. J., and Reese, J., concurred.

 See footnote, ante, page 20.