Opinion
RYLAARSDAM, P. J.
On September 18, 1991, plaintiffs filed a personal injury action arising from an automobile collision. The complaint sought damages “according to proof” and exceeding “the jurisdictional minimum of [the municipal] court.” The complaint failed to request a specific amount of damages in either the body or the prayer.
Defendant’s default was entered upon his failure to file a timely answer. He moved to set the default aside on the ground that the complaint failed to state the amount of damages demanded as required by Code of Civil Procedure section 425.10.[1] The motion was denied, and a default judgment was subsequently entered for $20,867.84. This appeal from the judgment followed.
Section 425.10 provides:
“A complaint or cross-complaint shall contain both of the following:
“(a) A statement of the facts constituting the cause of action, in ordinary and concise language.
“(b) A demand for judgment for the relief to which the pleader claims he is entitled. If the recovery of money or damages be demanded, the amount thereof shall be stated, unless the action is brought in the superior court to recover actual or punitive damages for personal injury or wrongful death, in which case the amount thereof shall not be stated.” (Italics added).
The entry of a default judgment is restricted by section 580, which provides as follows:
“The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint. . . .”
*Supp. 4 Section 580 is designed to provide fundamental fairness by ensuring that defendants against whom default judgments are entered have adequate notice of the amount of the judgment that might be taken against them. (Becker v. S.P.V. Construction Co. (1980) 27 Cal.3d 489, 493 [165 Cal.Rptr. 825, 612 P.2d 915]; Parish v. Peters (1991) 1 Cal.App.4th 202, 207 [1 Cal.Rptr.2d 836].) It also permits a defendant to make an informed decision as to whether to file a responsive pleading where a debt is acknowledged to be owed.
In personal injury actions filed in superior court, the amount of the demand is provided to the defendant in a statement of damages rather than in the complaint. (§§ 425.10, subd. (b), 425.11.) Where a superior court defendant has not been advised of the amount of the demand through the statement of damages, it has been uniformly held that the entry of a default is void. Such a default judgment exceeds both the demand of the complaint and the court’s jurisdiction. (Plotitsa v. Superior Court (1983) 140 Cal.App.3d 755, 760-762 [189 Cal.Rptr. 769].) It is also a denial of the due process right to a fair hearing. (Petty v. Manpower, Inc. (1979) 94 Cal.App.3d 794, 798 [156 Cal.Rptr. 622].)
Section 425.11 does not apply to municipal court actions. However, section 425.10 fulfills the same purpose: to notify the defendant of the amount of the plaintiff’s demand. As a result, a defendant in a superior court action who has not been served with a statement of damages is in exactly the same position as defendant herein; neither is aware of his or her potential exposure.
The identical issue under consideration herein was previously addressed by another appellate department. Brown v. McAdoo (1987) 196 Cal.App.3d Supp. 20 (hereafter Brown ) held that it is unnecessary for a defendant in a municipal court action to be notified of the amount of the demand.[2] As in Brown, the present complaint requested general damages “according to proof” and remitted all amounts in excess of the municipal court’s jurisdiction. In Brown, default was entered upon the defendant’s failure to answer, and judgment in the amount of $25,000 was ultimately entered in favor of the plaintiff. On appeal, the defendants argued that the default was void because no specific amount had been stated in the complaint and because the plaintiff had failed to serve a statement of damages pursuant to section 425.11.
*Supp. 5 Brown affirmed the trial court’s denial of the motion to set aside the default for two reasons. The court held: (1) that section 425.11 does not apply to municipal court actions, and (2) that sections 580 and 425.10 “have limited application in the municipal court.” (Brown, supra, 196 Cal.App.3d Supp. at p. 23.) As to the second basis for the holding, Brown reasoned that the request in the complaint for damages “ ‘according to proof,’ ” combined with the remission of all amounts in excess of the municipal court’s jurisdiction, was sufficient to satisfy the notice requirements of sections 425.10 and 580. (Ibid.) Its rationale was that, because the maximum liability of a municipal court defendant is $25,000, unlike the unlimited liability in superior court, a more specific demand in the complaint was unnecessary. (Id., at p. Supp. 23.)
We disagree with Brown. Its reasoning rests on the supposition that all defendants are aware that the municipal court’s jurisdiction is limited to matters where the amount in controversy is $25,000 or less. However, the California Supreme Court has recently questioned whether superior court defendants have constructive notice of the minimum jurisdiction of the superior court. (Schwab v. Rondel Homes, Inc. (1991) 53 Cal.3d 428, 433-434 [280 Cal.Rptr. 83, 808 P.2d 226].) Similarly, it is doubtful that a municipal court defendant can be charged with constructive notice of the jurisdictional limit of the municipal court. More importantly, such a defendant has no notice, actual or constructive, of the specific amount sought by the plaintiff.
Even if defendants may be deemed to have constructive notice of the jurisdictional limit, due process requires that they know exactly what risk they assume by not responding to the pleading. It is not enough to know that this risk is no more than $25,000. The statute and due process requires that defendants be told exactly what their exposure is.
Our most serious area of disagreement with Brown is in its refusal to apply section 580 to municipal court proceedings. This section is not merely procedural but “a statutory expression of the mandates of due process, which require ‘formal notice of potential liability’.” (Parish v. Peters, supra, 1 Cal.App.4th at p. 207.) As a matter of fundamental fairness, municipal court defendants should be made aware of the demand of the complaint before their defaults are entered. The amount of the demand may affect defendants’ decisions to respond (or not respond) to the complaint. Defendants who believe that they owe plaintiffs a few hundred dollars may allow their defaults to be entered. However, if they do so, they *Supp. 6 should not be subjected to $25,000 judgments unless this possibility is clearly expressed in the language of the complaint.[3]
Because we find that the default was entered in violation of section 580 and the due process guarantees on which it is based, we reverse the judgment and instruct the lower court to set aside the default.
Jackman, J., and Owen, J., concurred.

Unless otherwise indicated, all references are to the Code of Civil Procedure.

Although appellate department opinions are not binding on us, their persuasive value is frequently recognized. (Worthington v. Unemployment Ins. Appeals Bd. (1976) 64 Cal.App.3d 384, 389 [134 Cal.Rptr. 507].)

Where, as here, there are multiple personal injury plaintiffs joined in a single municipal court action, the court has jurisdiction to award up to $25,000 per plaintiff. (Emery v. Pacific Employers Ins. Co. (1937) 8 Cal.2d 663, 666 [67 P.2d 1046]). Because the complaint herein had three named plaintiffs, defendant could have been subjected to a judgment in the sum of $75,000.