[No. B112291. Second Dist., Div. One. Aug. 22, 1997.]

JOHN W. JANSSEN, Plaintiff and Respondent, v.
TOMMY LUU et al., Defendants and Appellants.

## COUNSEL

Gary Hollingsworth for Defendants and Appellants.

Sidney Mendlovitz and Elayne Mendlovitz for Plaintiff and Respondent.

## OPINION

**VOGEL (Miriam A.), J.**—A plaintiff filed and served a municipal court complaint for damages "in an amount in excess of $3,000.00, and according to proof at time of trial." The defendants failed to answer and a default judgment was entered for $24,825.04, an amount within the municipal court's jurisdiction. The defendants' motion to vacate the judgment was denied, and that order was affirmed by the appellate department of the superior court. We reverse, holding that municipal court defendants are entitled to the same fundamental fairness as superior court defendants, and thus must be given notice of the amount demanded by the plaintiff before their defaults are entered.

## FACTS

John W. Janssen sued Tommy Luu and others in municipal court, alleging breach of a lease by reason of Luu's failure to pay sums due for insurance premiums, taxes and other items. Janssen's complaint prayed for damages "in excess of $3,000.00, and according to proof," attorney's fees, costs of suit, and "[s]uch other relief as the court deem[ed] just." The complaint was served on Luu but he failed to answer and his default was entered, and Janssen subsequently proved up damages of $24,825.04. A default judgment was entered in that amount, plus fees of $2,006.99 and costs of $117, a total of $26,949.03. Two and one-half years later, Luu moved to vacate the default judgment, contending it was "void because the amount awarded in the judgment exceed[ed] the amount stated in the complaint." Janssen filed opposition and a hearing was held, after which Luu's motion was denied. Luu's appeal to the Appellate Department of the Los Angeles Superior Court was unsuccessful but the matter was certified to us to resolve a conflict between the appellate departments of two counties. (Cal. Rules of Court, rule 63.)[1]

## DISCUSSION

Luu contends his motion to vacate the default judgment should have been granted. We agree, but only in part.[2]

### A.

Unless an action is filed in superior court to recover damages for personal injury or wrongful death, the complaint must include a demand for the relief claimed by the plaintiff and, "[i]f the recovery of money or damages be demanded, the amount thereof shall be stated . . . ." (§ 425.10, subd. (b).)[3] Put differently, a municipal court complaint for damages must specify the amount claimed by the plaintiff. Summons and the complaint must then be served on the defendant. (§ 413.10 et seq.) When a duly served defendant fails to answer a municipal court complaint within the time provided by law, his default may be entered (§ 585, subd. (a)) but the relief granted to the plaintiff "cannot exceed that which he or she shall have demanded in his or

---

[1] All rule references are to the California Rules of Court.

[2] We summarily reject Janssen's contention that the motion to vacate was untimely. Luu's claim that the judgment is void may be raised at any time. (*Becker* v. *S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 492-493 [165 Cal.Rptr. 825, 612 P.2d 915].)

[3] Unless otherwise stated, all section references are to the Code of Civil Procedure.

her complaint . . . ." (§ 580.)[4] Section 580 exists to insure that a defaulting defendant has adequate notice of the judgment that might (and probably will) be entered against him, and to permit an enlightened decision about whether to appear and defend or to give up that right " 'in exchange for the certainty that he cannot be held liable for more than a known amount.' " (*Ely* v. *Gray* (1990) 224 Cal.App.3d 1257, 1261 [274 Cal.Rptr. 536]; *In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1166 [276 Cal.Rptr. 290, 801 P.2d 1041, 5 A.L.R.5th 1156]; *Becker* v. *S.P.V. Construction Co., supra,* 27 Cal.3d at pp. 493-494; *Greenup* v. *Rodman* (1986) 42 Cal.3d 822, 826 [231 Cal.Rptr. 220, 726 P.2d 1295].)

It follows that the amount of damages communicated to the defaulting defendant sets the ceiling on the plaintiff's recovery, and that a default judgment in excess of that amount is void. (*Schwab* v. *Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 433 [280 Cal.Rptr. 83, 808 P.2d 226]; *Greenup* v. *Rodman, supra,* 42 Cal.3d at p. 824.)

## B.

To avoid this result, the Appellate Department of the Los Angeles Superior Court has twice held in published decisions that the municipal court's jurisdictional limits provide sufficient notice to a defaulting defendant of the extent of his exposure, and that no further notice is required. The Appellate Department of the Orange County Superior Court disagrees (6 Witkin, Cal. Procedure (4th ed. 1997) Proceedings Without Trial, § 129, pp. 542-544), and so do we.

In *Wisdom* v. *Ramirez* (1985) 177 Cal.App.3d Supp. 1 [222 Cal.Rptr. 923], the appellate department in Los Angeles noted that section 580 exists to

---

[4]In its entirety, section 580 provides thus: "The relief granted to the plaintiff, if there is no answer, cannot exceed that which he or she shall have demanded in his or her complaint, in the statement required by Section 425.11, or in the statement provided for by Section 425.115; but in any other case, the court may grant the plaintiff any relief consistent with the case made by the complaint and embraced within the issue." Sections 425.11 and 425.115 are related to section 425.10 (quoted in the text only insofar as it applies to municipal court actions). As to superior court actions, section 425.10 provides that the amount of money damages demanded by a plaintiff must be stated in the complaint "unless the action is brought in the superior court to recover actual or punitive damages for personal injury or wrongful death, in which case the amount thereof shall not be stated." Section 425.11 elaborates on the procedure for personal injury and wrongful death actions filed in superior court by giving the defendant the right to request a statement setting forth the amount of damages sought by the plaintiff. (§ 425.11, subd. (b).) In a superior court action for personal injury damages or wrongful death, a statement of damages must be served on the defendant before his default can be entered. (§ 425.11, subd. (c).) Section 425.115 provides a similar procedure for use when punitive damages are sought in a superior court action. As provided in section 425.10, sections 425.11 and 425.115 do not apply to municipal court actions.

insure adequate notice to defaulting defendants of the judgments that may be taken against them (177 Cal.App.3d at p. Supp. 9) but found no violation of section 580 where a default judgment was entered for $11,479.95 based upon a complaint that prayed for damages " 'in [an] amount to be determined,' " plus punitive damages of $15,000 (then the limit of the municipal court's jurisdiction), plus attorney's fees and costs. (177 Cal.App.3d at pp. Supp. 5-6.) This is the way the court viewed it:

"Unlike the situation in courts of general jurisdiction, such as superior courts, where 'sky is the limit' awards are possible, a municipal court, which is a court of limited jurisdiction, has subject matter jurisdiction in actions seeking monetary damages only over matters where the amount in controversy is $15,000 or less. . . . The prayer in the present case reveals that plaintiffs 'waive all amounts in excess of the Court's jurisdiction.' Defendant here was thus on notice that, at most, he would be subject to an award of damages against him in an amount of no more than $15,000. The actual award in the sum of $11,479.95 fell far below that amount.

"Specifically, we reject defendant's contention that the request for compensatory damages here is violative of section 580 for lack of a monetary amount certain. We conclude that, when viewed with the jurisdictional limit in mind, the references in the complaint to damages [for a landlord's statutorily prohibited acts] provide defendant with sufficient notice to satisfy the mandate of section 580." (*Wisdom* v. *Ramirez, supra,* 177 Cal.App.3d at pp. Supp. 9-10, fns. omitted.)[5]

Two years later, the Los Angeles appellate department revisited the issue in *Brown* v. *McAdoo* (1987) 196 Cal.App.3d Supp. 20 [242 Cal.Rptr. 473]. In *Brown,* a tenant sued his landlord, alleging that, through the defendant's negligence, a defective stove started a fire that destroyed the plaintiff's apartment and all of his possessions. The plaintiff asked for general damages "for his distress, his personal property, interruption of his quiet enjoyment of the premises and use of his personal property, all 'according to proof . . . .' No specific amount was requested." (*Id.* at p. Supp. 22.) Following the defendant's default, judgment for plaintiff was entered in the amount of $25,000. For reasons not explained in the opinion, *Brown* simply concluded that "sections 425.10 and 580 have limited application in the municipal court. . . . [¶] . . . [¶] The substance and prayer of the complaint, when combined with the remission of all sums exceeding municipal court jurisdiction, satisfied the notice requirements of . . . sections 425.10 and 580. . . .

---

[5]The statute referred to in *Wisdom,* Civil Code section 789.3, subdivision (c), provided that a landlord who violated the statute would be liable to the tenant for the tenant's actual damages, plus up to $100 for each day the landlord remained in violation of the statute. (*Wisdom* v. *Ramirez, supra,* 177 Cal.App.3d at p. Supp. 10.)

Defendants had adequate notice of the scope of their potential liability." (*Brown* v. *McAdoo*, *supra*, 196 Cal.App.3d at p. Supp. 23.)

Orange County's appellate department refused to follow *Wisdom* and *Brown*. In *Pino* v. *Campo* (1993) 15 Cal.App.4th Supp. 1 [19 Cal.Rptr.2d 483], the complaint sought personal injury damages "according to proof" and (oddly) "exceeding 'the jurisdictional *minimum* of [the municipal] court.'" (*Id.* at p. Supp. 3, italics added.) When the defendant failed to answer, his default was entered and a judgment in the amount of $20,867.84 was thereafter entered. The municipal court refused to vacate the judgment and the defendant appealed. After quoting section 425.10 and the provision in section 580 that a default judgment "cannot exceed that which [the plaintiff] shall have demanded in his complaint," and after explaining the protections afforded by sections 425.10, subdivision (b), and 425.11 to defaulting defendants in superior court, the Appellate Department of the Orange County Superior Court continued thus:

"Section 425.11 does not apply to municipal court actions. However, section 425.10 fulfills the same purpose: to notify the defendant of the amount of the plaintiff's demand. As a result, a defendant in a superior court action who has not been served with a statement of damages is in exactly the same position as defendant herein; neither is aware of his or her potential exposure.

"The identical issue under consideration herein was previously addressed by another appellate department. *Brown* v. *McAdoo* . . . held that it is unnecessary for a defendant in a municipal court action to be notified of the amount of the demand. . . . [¶] . . . [¶] We disagree with *Brown*. Its reasoning rests on the supposition that all defendants are aware that the municipal court's jurisdiction is limited to matters where the amount in controversy is $25,000 or less. However, the California Supreme Court has recently questioned whether superior court defendants have constructive notice of the minimum jurisdiction of the superior court. (*Schwab* v. *Rondel Homes, Inc.* (1991) 53 Cal.3d 428, 433-434 . . . .) Similarly, it is doubtful that a municipal court defendant can be charged with constructive notice of the jurisdictional limit of the municipal court. More importantly, such a defendant has no notice, actual or constructive, of the specific amount sought by the plaintiff.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"Even if defendants may be deemed to have constructive notice of the jurisdictional limit, due process requires that they know exactly what risk they assume by not responding to the pleading. It is not enough to know that this risk is no more than $25,000. The statute and due process requires that defendants be told exactly what their exposure is.

"Our most serious area of disagreement with *Brown* is in its refusal to apply section 580 to municipal court proceedings. This section is not merely procedural but 'a statutory expression of the mandates of due process, which require "formal notice of potential liability".' (*Parish* v. *Peters* [(1991)] 1 Cal.App.4th [202,] 207 [1 Cal.Rptr.2d 836].) As a matter of fundamental fairness, municipal court defendants should be made aware of the demand of the complaint before their defaults are entered. The amount of the demand may affect defendants' decisions to respond (or not respond) to the complaint. Defendants who believe they owe plaintiffs a few hundred dollars may allow their defaults to be entered. However, if they do so, they should not be subjected to $25,000 judgments unless this possibility is clearly expressed in the language of the complaint." (*Pino* v. *Campo, supra,* 15 Cal.App.4th at pp. Supp. 4-6, fns. omitted.)

## C.

In our view, *Pino* is right and the Los Angeles cases are wrong. The Legislature has declared that, if there is no answer, the relief granted to the plaintiff cannot exceed that which was demanded in the complaint. (§ 580.) There is nothing in section 580 to support the view that the statute has only "limited application in the municipal court" as stated in *Brown* v. *McAdoo, supra,* 196 Cal.App.3d at page Supp. 23. To the contrary, when section 580 is read with section 425.10—which mandates a statement of the plaintiff's demand in a municipal court complaint but prohibits it in a personal injury or wrongful death action filed in superior court—it becomes apparent that there is *no limitation* on the application of section 580 to municipal court actions. (*Greenup* v. *Rodman, supra,* 42 Cal.3d at p. 826 [section 580 is to be strictly construed " 'no matter how reasonable it might appear in a particular case[] that a prayer for damages according to proof provided adequate notice of a defaulting defendant's potential liability' "]; *In re Marriage of Lippel, supra,* 51 Cal.3d at p. 1166 ["Section 580, we have repeatedly stated, means what it says and says what it means: that a plaintiff cannot be granted more relief than is asked for in the complaint"].)

As *Pino* explains, it is not enough that a defendant may know the jurisdictional limits of the municipal court. In our case, assuming Luu did know his maximum exposure was $25,000, there was nothing in the complaint to give notice that Janssen was demanding even half that amount. Indeed, the highest figure mentioned in the complaint is $3,000. A calculated decision that a judgment for twice that amount would not justify the time, expense and aggravation of a trial might persuade a defendant to allow entry of his default. A very different decision might be made if that same defendant knows he is facing a judgment of $25,000, plus fees and costs.

The solution to this problem is not complicated. When the action is based upon the breach of a lease or some other kind of contract, the damages are known or subject to calculation. In this case, for example, Janssen knew the provisions of the lease, knew the amount of real property taxes chargeable to Luu, knew the average monthly utilities, and knew or could reasonably have estimated the clean-up costs. Thus, Janssen could have made an educated guess as to the amount of his total damages and demanded that amount in his complaint. In a personal injury action, the plaintiff can do the same sort of calculation required for a statement of damages in superior court.

The bottom line is that the notice requirement of section 580 exists to insure fundamental fairness, and it should not be undermined by speculation about what a defendant may or may not know about the municipal court's jurisdictional limits. If no specific amount of damages is demanded, there is no adequate notice to the defendant—and a default judgment entered under those conditions is void. (*In re Marriage of Lippel, supra*, 51 Cal.3d at p. 1167 [section 580 deprives a trial court of jurisdiction to enter a judgment against a defaulting defendant for relief greater than that sought in the plaintiff's complaint].)

### D.

Where no amount is stated in a municipal court complaint, the resulting default judgment would be void in its entirety. Under the circumstances of this case, however, the judgment is void only to the extent it exceeds the amount claimed in the complaint. (*Becker* v. *S.P.V. Construction Co., supra*, 27 Cal.3d at p. 495 [a judgment may be modified to excise the portions that violate section 580]; *Greenup* v. *Rodman, supra*, 42 Cal.3d at pp. 826, 829-830.) Janssen's complaint specifically asks for $1,200 for insurance premiums, $800 for real property taxes, $500 for utilities, $200 for clean-up expenses (a total of $2,700) and then generally asks for damages "in excess of $3,000.00." Thus, he is entitled to a judgment for $3,000—but the remaining $21,825.04 awarded by the municipal court must be stricken, along with the amounts awarded for attorney's fees and costs. (§ 580.)

### DISPOSITION

The judgment of the appellate department of the superior court is reversed and the cause is remanded to that court with directions to modify the judgment of the municipal court so that the total award to Plaintiff John W. Janssen against Defendants Tommy Luu, individually and doing business as

V & T Thread Trading Company, and Vinh Tu Luu is in the amount of $3,000. The parties are to pay their own costs of these proceedings.

Spencer, P. J., and Ortega, J., concurred.