Filed 12/5/23  Amin v. Emein CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| JOSEPH AMIN,<br><br>        Cross-complainant and Respondent,<br><br>        v.<br><br>KAMI EMEIN,<br><br>        Cross-defendant and Appellant. | B322798<br><br>(Los Angeles County Super. Ct. No. BC401794) |

APPEAL from an order of the Superior Court of Los Angeles County, Michael L. Stern, Judge.  Reversed and remanded with instructions.

Jackman Law and Ryan E. Jackman; JZ Law Group, Jacob Haghnazadeh; Benedon & Serlin, Gerald M. Serlin and Melinda W. Ebelhar for Cross-defendant and Appellant;

Law Office of Michael N. Berke and Michael N. Berke for Cross-complainant and Respondent.

## **INTRODUCTION**

In 2008, a bank sued appellant Kami Emein and respondent Joseph Amin relating to guaranties for a loan. Amin cross-complained against Emein for indemnity. Emein did not answer the complaint or cross-complaint. In 2009, the trial court entered two default judgments against Emein: one on the bank's complaint, and one on Amin's cross-complaint.

In 2022, Emein moved to vacate the judgment on Amin's cross-complaint, relying on Code of Civil Procedure section 580, subdivision (a),[1] which provides that the amount of a default judgment "cannot exceed that demanded in the complaint." Emein argued that because the cross-complaint did not include any amount of damages sought, the default judgment was void. The trial court denied the motion.

We reverse. Section 580 requires formal notice of damages in a complaint. Emein's constructive notice about the amount of damages the bank sought was insufficient to provide the notice required by section 580 as to Amin's indemnity claims in the cross-complaint.

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

**A.    Complaint, cross-complaint, and judgments**

On November 12, 2008, Mirae Bank (the bank[2]) filed a complaint against Amin and Emein for breach of guaranty.  It alleged that A & E Interstate Car Wash, Inc. was a California corporation doing business as a car wash; Amin was the president and Emein was the secretary.  A & E Interstate Properties, LLC was a California company; Amin and Emein were co-managers.  The bank alleged that in 2006, it loaned $7.2 million to the two A & E entities (collectively, A & E); Amin and Emein each personally guarantied the note.

A & E defaulted on the loan in March 2008.  The bank alleged A & E owed $7,123,043.06 in principal, more than $500,000.00 in interest, more than $16,000.00 in late charges, and collection costs and attorney fees according to proof.  The bank asserted two causes of action: breach of the Amin guaranty, and breach of the Emein guaranty.  Each cause of action sought the stated principal, interest, late charges, costs, and attorney fees.

In January and February 2009, Emein filed some documents in the case, including a demurrer and a case management statement.  However, he did not file an answer.

On April 15, 2009, Amin filed a cross-complaint against Emein for indemnity, and attached a February 2009 indemnity agreement to the cross-complaint.  Amin alleged that he and Emein had entered into a 2008 purchase agreement to divide A & E's assets.  Emein filed a petition of bankruptcy for A & E.

---

[2]    Mirae Bank's successor in interest, Wilshire State Bank, became the plaintiff before the case concluded.

3

Paragraph 3 of the indemnity agreement stated, "[Emein] hereby agrees to assume and be responsible for any and all liabilities, obligations, claims, costs, expenses (including without limitation, attorney's fees and costs) and damages suffered by [Amin] arising from and/or in connection with (i) all the properties and businesses [Emein] has received under the terms of the Purchase Agreement, including without limitation liabilities arising from all deeds of trust recorded against those properties and businesses, and the complaint filed by the Mirae Bank." Amin alleged that in March 2009, Emein breached the indemnity agreement "by failing to assume and be responsible for any and all liabilities arising from all deeds of trusts recorded against [A & E's former] properties and businesses, and the complaint filed by . . . Mirae Bank."

Amin asserted seven causes of action against Emein: (1) breach of contract, (2) express indemnity, (3) equitable indemnity, (4) total indemnity, (5) implied contractual indemnity, (6) contribution, and (7) declaratory relief. The cross-complaint did not state any specific amount of damages sought. For example, in the first cause of action for breach of contract Amin alleged he had suffered damages "according to proof." In the second cause of action for express indemnity, Amin alleged he had incurred legal fees in defending the action brought by the bank, and would "move to amend this Cross-Complaint to state the amount when it becomes known to him or on proof thereof." In the third cause of action for equitable indemnity, Amin alleged he was "entitled to equitable indemnity from [Emein] on a comparative fault basis, in an amount equal to any verdict, settlement or judgment made in this case which is proportionate to the contributing negligence or fault on the part of [Emein]."

4

The remaining causes of action contained similar statements that damages would be determined at some point in the future.

Amin's prayer requested judgment against Emein "on a comparative fault basis in an amount which will indemnify [Amin] for the percentage of the judgment which is proportionate to the comparative fault of" Emein, an order that Amin was entitled to indemnity, a judicial determination of the parties' rights and responsibilities, attorney fees, and costs. Amin served the cross-complaint by mail to Emein's counsel on April 14, 2009.

Documents relating to Emein's default are not in the record on appeal, but the register of actions notes that on April 30, 2009, the bank requested Emein be deemed in default; the court entered Emein's default on May 8, 2009.[3] Emein states that only the bank requested that default be entered against him; Amin did not file such a request. Indeed, the default pursuant to the bank's request was entered before the time expired for Emein to respond to Amin's cross-complaint. (See § 432.10.) Amin states in his appellate briefing that Emein also did not file an answer to the cross-complaint.

Amin settled his case with the bank, the court approved the settlement, and the court dismissed Amin from the case. On September 15, 2009, the trial court held a default judgment prove-up hearing on the bank's complaint against Emein. The court found in favor of the bank and against Emein, and entered judgment against Emein for $2,624,084.00. The court then held a

---

[3]     Emein filed a request for judicial notice in the trial court stating that default was entered on the bank's complaint on May 8, 2009. The request refers to Exhibit 3, which is not included in the appellant's appendix filed in this court.

5

default judgment prove-up hearing on Amin's cross-complaint against Emein. The court found in favor of Amin, and entered judgment against Emein for $2,624,084.00, with blank spaces for attorney fees and costs.

## B.    Emein's motion to vacate the judgment

More than 12 years later, on May 4, 2022, Emein filed a motion to vacate the default judgment on the cross-complaint under section 473, subdivision (d). Emein asserted that the judgment was void under section 580, subdivision (a), which provides that the "relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint." Emein asserted that because no amount of damages was included in Amin's cross-complaint, the court's default judgment on that complaint was void.

Emein noted that the cross-complaint did not incorporate by reference any amounts or allegations from the bank's complaint. Rather, the cross-complaint sought only damages to be determined once liability to the bank had been established, and "[n]o such determinations were ever made." Emein also asserted that the register of actions for the case did not show any entry of default on the cross-complaint.

Amin opposed the motion. He stated that "it is true that no specific dollar amount is alleged nor demanded on the face of Amin's Cross-Complaint." Amin argued that nevertheless, "Emein at all times had actual and adequate notice of the maximum judgment for which he may be responsible," and the $2.6 million judgment entered was much less than the $7.2 million demanded in the bank's complaint. Amin asserted, "The Judgment against [Emein] is not void under CCP §580 given the commercial guarantee executed by Emein, which was

6

incorporated by reference into the Bank's Complaint as an Exhibit to the Complaint, and thus incorporated into the substance of the Cross-Complaint against Emein by repeated reference to the Bank's Complaint in Amin's Cross-Complaint. Emein had sufficient notice of the amount of damages sought by Amin."

As evidence that Emein was aware of any potential liability, Amin pointed to Emein's guaranty for the loan, and two documents filed before Emein was deemed in default: a case management statement filed by Emein's counsel, and a declaration in which Emein acknowledged the loan and promissory note. Amin argued, "Emein at all times knew exactly what was transpiring during the litigation, had more than adequate notice of the maximum judgment for which he could ultimately be responsible, and elected not to contest either the Mirae Bank's Complaint (default judgment) or Amin's Cross-Complaint (judgment by prove-up)." Amin asserted that "the multiple references to the Bank's lawsuit for damages" in the cross-complaint were "clear and unequivocal," which "gave more than adequate notice of the potential damages Emein was exposed to in the Cross-Complaint."

In reply, Emein asserted that the cross-complaint "does not make any mention of incorporation of any facts or amounts of damages from the Complaint. [Citation.] There is no specific amount of damages sought by the Cross-Complaint against [Emein] and all damages request/allegations [*sic*] are based on any future determination of [Amin's] liability." Emein asserted that constructive notice from other sources was insufficient to meet the strict requirements of section 580, subdivision (a).

7

No court reporter was present for the hearing on Emein's motion. In the minute order from the hearing, the court stated, "This case went to trial on September 15, 2009. [T]he plaintiff Bank settled with defendant Amin for $2,624,084.00. The Court accepted this settlement and dismissed Amin. Then, the Court held a Default Prove Up Hearing on the Complaint and Cross Complaint for Indemnity. After taking evidence and testimony, the Court then put the underlying judgment onto Emein. This motion [*sic*] is more than a dozen years old. [¶] The Motion to Vacate Void Default Judgment filed by Kami Emein on 05/04/2022 is Denied. The motion is denied based on laches."

Emein timely appealed.

## DISCUSSION

Emein asserts the trial court erred in denying his motion to set aside the judgment because the judgment is void. We review de novo a trial court's determination whether a judgment is void. (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1020; *Cruz v. Fagor America, Inc.* (2007) 146 Cal.App.4th 488, 496.)

A complaint or cross-complaint must include "[a] demand for judgment for the relief to which the pleader claims to be entitled. If the recovery of money or damages is demanded, the amount demanded shall be stated." (§ 425.10, subd. (a)(2).) When the defendant or cross-defendant defaults, "[t]he relief granted to the plaintiff . . . cannot exceed that demanded in the complaint." (§ 580, subd. (a); see also § 585, subd. (a) [the court may "enter [a default] judgment for the principal amount demanded in the complaint"].) Thus, "in cases in which a plaintiff seeks money damages, section 580 limits a plaintiff's relief in default to the

8

dollar amount that has been demanded in the operative pleading." (*Sass v. Cohen* (2020) 10 Cal.5th 861, 878.)

Section 580 is strictly construed "'in accordance with its plain language,'" so that a "default judgment greater than the amount specifically demanded in the complaint is void as beyond the court's jurisdiction." (*Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1018 (*Airs Aromatics*); see also *Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 (*Greenup*) ["a default judgment greater than the amount specifically demanded is void as beyond the court's jurisdiction"]; *Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1176 (*Electronic Funds*) ["default judgments rendered in violation of section 580 are void"].) Under section 473, subdivision (d), a court may "set aside any void judgment or order."

The trial court erred in denying Emein's motion on the basis of laches. "Laches is an equitable principle that bars certain claims or proceedings based on a combination of unreasonable delay in pursuing the claims and prejudice based on that delay." (*Malaga County Water District v. State Water Resources Control Board* (2020) 58 Cal.App.5th 447, 462-463.) However, "'[a] void judgment can be attacked at any time' and 'is not subject to a claim of laches.'" (*Airs Aromatics, supra*, 23 Cal.App.5th at p. 1022; see also *Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 831 (*Falahati*) ["A motion to vacate a judgment void on its face is not subject to a claim of laches"].) If Amin's judgment against Emein was void when it was entered, it did not become valid through Emein's delay. "What is initially void is ever void and life may not be breathed into it by lapse of time." (*City of Los Angeles v. Morgan* (1951) 105 Cal.App.2d 726, 731.)

9

Thus, the relevant question is whether the judgment was void under section 580 when it was entered. It is undisputed that no specific demand was included in the cross-complaint. This fact alone is generally sufficient to render a default judgment void. (See, e.g., *Falahati, supra*, 127 Cal.App.4th at p. 830-831 ["Where no amount of damages is demanded any amount awarded is by definition greater than the amount demanded"]; *Janssen v. Luu* (1997) 57 Cal.App.4th 272, 279 ["If no specific amount of damages is demanded, there is no adequate notice to the defendant—and a default judgment entered under those conditions is void"].)

Amin argues that the lack of a specific demand in the cross-complaint is of no import because Emein had ample notice of his exposure to liability. He asserts that Emein was "adequately notified of the damages sought against him" due to the bank's complaint for $7.2 million, the dissolution agreement, the indemnification agreement acknowledging the lawsuit, and other documents. Amin also argues that Emein's filings before default was entered demonstrate that Emein "was fully apprised of his potential damage exposure and given adequate notice of the maximum judgment that could have been assessed against him."

However, California case law is clear that "Section 580 requires *formal* notice of damages sought *through the complaint* and does not consider whether a defendant had actual or constructive notice." (*Airs Aromatics, supra*, 23 Cal.App.5th 1013, 1019 [emphasis in original]; see also *Greenup, supra,* 42 Cal.3d at p. 826 ["due process requires formal notice of potential liability"]; *Stein v. York* (2010) 181 Cal.App.4th 320, 326 ["Under section 580 actual notice of the damages sought is not sufficient"; "constructive notice of potential liability does not satisfy section 580"]; *Electronic Funds, supra*, 134 Cal.App.4th at p. 1176 ["due

10

process requires not only actual notice of the damages being sought, but 'formal notice'"].) Emein's purported familiarity with the case or the evidence Amin cites to support a finding of liability is insufficient to constitute the formal notice required by section 580.

Amin also states that although no specific amount was included in the cross-complaint's prayer, the bank's claim for damages was referenced multiple times in the body of the cross-complaint. He argues the requirements of section 580 may be met "when specific damage allegations in the body of the complaint provide notice of the amounts sought." Amin cites *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 494, in which the Supreme Court stated that "a prayer for damages according to proof passes muster under section 580 only if a specific amount of damages is alleged in the body of the complaint." Here, however, no specific amount of damages was alleged in the body of Amin's cross-complaint.

Amin further asserts that the bank's complaint, including its attachments, were "incorporated by reference" into the cross-complaint. He argues that the judgment is not void under section 580 "given the commercial guarantee executed by . . . Emein, which was incorporated by reference into the Bank's Complaint as an Exhibit to the Complaint, and thus incorporated into the substance of the Cross-Complaint against . . . Emein by repeated reference to the Bank's Complaint in . . . Amin's Cross-Complaint."

Amin relies on *Yu v. Liberty Surplus Ins. Corp.* (2018) 30 Cal.App.5th 1024 (*Yu*), in which the trial court deemed void a default judgment on a cross-complaint that did not include an amount of damages. The Court of Appeal affirmed, finding that

11

"the default judgment of $1.2 million 'exceeded' the 'amount' demanded in the cross-complaint ($0)." (*Id.* at p. 1032.) The appellate court rejected the argument that the cross-complaint was sufficient because it incorporated by reference the damages claim in the complaint. The cross-complaint stated, "[The] Fourth Amended Complaint and any future amended complaints filed in this action and any cross-complaints filed in this action are incorporated herein by reference as though fully set forth herein, for identification and informational purposes only." (*Id.* at p. 1032.) The court found this incorporation did not provide a "clear and unequivocal" incorporation of the monetary demand from the complaint (*id.* at p. 1032), so "the cross-complaint did not include a damage amount. Thus, the trial court properly voided the default judgment." (*Id.* at p. 1034.)

Amin also cites *Insurance Co. of State of Pennsylvania v. American Safety Indemnity Co.* (2019) 32 Cal.App.5th 898, in which a complaint for indemnity was deemed sufficient under section 580 when it specifically incorporated the underlying arbitration claim by reference and attached it as an exhibit to the complaint. Amin argues that under the reasoning of this case and *Yu*, "Amin's Cross-Complaint, containing multiple causes of action for indemnity against . . . Emein, arising from identical matters set forth in the Bank's underlying Complaint naming . . . Emein is absolutely clear."

However, Amin's cross-complaint did not include any language incorporating the bank's complaint by reference. Rather, each cause of action in Amin's cross-complaint alleged only damages to be determined later. Simply referring to the bank's complaint, without explicitly incorporating it and its

12

damages claim by reference, was insufficient to meet the formal notice requirements of section 580.

In sum, because the cross-complaint did not include a specific request for damages, the trial court was without jurisdiction to enter the default judgment in favor of Amin. The default judgment is therefore void, and the trial court erred in denying Emein's motion to set aside the judgment.

## DISPOSITION

The trial court's order denying Emein's motion to set aside the default judgment on the cross-complaint is reversed. The default judgment on the cross-complaint is vacated as void, and the matter is remanded for further proceedings. The parties shall bear their own costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, ACTING P.J.

We concur:


MORI, J.


ZUKIN, J.


13