[No. G040457. Fourth Dist., Div. Three. Jan. 25, 2010.]

RUTH STEIN, Plaintiff and Respondent, v.
MICHAEL G. YORK, Defendant and Appellant.

**COUNSEL**

Michael G. York, in pro. per.; and Gerald N. Shelley for Defendant and Appellant.

Law Offices of Timothy D. McGonigle and Timothy D. McGonigle for Plaintiff and Respondent.

**OPINION**

**RYLAARSDAM, Acting P. J.**—Defendant Michael G. York appeals from a default judgment of $2.65 million entered in favor of plaintiff Ruth Stein. He contends the judgment is void because the complaint failed to state the amount of damages. We agree and reverse. We also deny plaintiff's motion to dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

Defendant served as plaintiff's attorney in a personal injury action that was dismissed and unsuccessfully appealed. Plaintiff then sued defendant, alleging causes of action for legal malpractice, breach of fiduciary duty, and fraud, seeking "compensatory damages according to proof," "punitive damages," "costs of suit" and "such other and further relief as the court deems just and proper." The complaint did not specify the amount of damages sought. Although defendant did not file an answer, the parties engaged in various pretrial procedures, including the exchange of discovery. One and a half years after the complaint was filed, plaintiff filed a request for entry of default. The dollar amount demanded on the request was "0.00."

After the court entered the default, counsel for plaintiff offered to set it aside if defendant would agree to file an answer; defendant declined this offer. Subsequently, defendant stipulated to trail the matter for the default prove-up hearing. At that hearing, the court noted the complaint did not contain a prayer for damages. At completion of the evidence, when the court asked plaintiff's counsel for the amount of relief requested, counsel spelled out $135,000 for medical and prescription costs, $1.475 million for past lost earnings, and $1 million for pain and suffering, for a total of $2.61 million. The court ordered plaintiff's counsel to submit a brief addressing whether a statement of damages pursuant to Code of Civil Procedure section 425.11 (all further statutory references are to this code) must be filed or whether the complaint must indicate the amount of relief requested before the court could enter a default judgment.

Plaintiff's memorandum claimed a statement of damages would be inappropriate in this case as it was not a personal injury action. In this memorandum plaintiff also moved to vacate the default and amend the pleadings to reflect the damages requested, acknowledging that a default judgment entered on her complaint would be void. The court, without the appearance of either party, denied plaintiff's requests to set aside the default and to amend the complaint, stating, "Plaintiff elected and stipulated to proceed with the default prove-up. It is too late to unwind that process." The court also ruled: "On the complaint, judgment for plaintiff . . . in the amount of $2,650,000.00."

Defendant moved to modify the amount of damages, arguing the order was void because it awarded an amount in excess of that requested in the complaint. Plaintiff filed a proposed judgment, to which defendant filed opposition wherein he asked the court to defer acting on the proposed judgment until after it ruled on his motion to modify damages. Thereafter, the court entered a default judgment reflecting its prior ruling. Plaintiff served notice of entry of judgment on defendant.

Plaintiff also filed opposition to defendant's motion to modify damages arguing, among other things, that defendant was on notice of the amount of damages claimed and was therefore estopped from attempting to modify the damages awarded. Defendant filed a reply, asserting that he was not given formal notice of the amount of damages and therefore the default judgment was void.

The court denied the motion to modify damages, reasoning defendant was in default and lacked standing to challenge the damage award. The court also concluded defendant waived his right to object to the amount of damages because he had been "actively involved in discovery giving him every opportunity to find out the amount of plaintiff's claim . . . [,] declined to set his own default aside when plaintiff was willing to do so[,] . . . and had the opportunity to present evidence in opposition to plaintiff's claim, but declined to do so."

Defendant then moved to vacate and set aside the default and default judgment making essentially the same arguments as in his motion to modify damages. The court denied defendant's motion to vacate and set aside the default and default judgment concluding there was no due process problem as defendant was on notice of the amount of the claim against him by virtue of his participation in the "[pre]trial work-up of the case."

## DISCUSSION

1. *Plaintiff's motion to dismiss the appeal is denied.*

■ A party must file a notice of appeal within 60 days of the date of mailing of the notice of entry of judgment by the clerk or service of such notice, or 180 days after entry of judgment, whichever is earliest. (Cal. Rules of Court, rule 8.104(a).) A motion to vacate a judgment operates to extend the time to appeal if, "within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move—or a valid motion—to vacate the judgment, the time to appeal from the judgment is extended for all parties until the earliest of: [¶] (1) 30 days after the superior court clerk mails, or a party serves, an order denying the motion or a notice of entry of that order; [¶] (2) 90 days after the first notice of intention to move—or motion—is filed; or [¶] (3) 180 days after entry of judgment." (Cal. Rules of Court, rule 8.108(c).)

Defendant's appeal from the default judgment was timely. On February 22, 2008, the court entered the default judgment. Plaintiff served notice of entry of judgment on defendant on March 5, 2008. On April 9, 2008, defendant moved to vacate and set aside the default and default judgment, which was

within the time to appeal from the judgment. On May 9, 2008, the court denied defendant's motion to vacate and set aside the default and default judgment. Under California Rules of Court, rule 8.108(c), defendant had 30 days from notice of this ruling to appeal from the judgment. On May 27, 2008, 18 days after the denial of his motion to vacate, defendant filed a notice of appeal from the default judgment and the orders denying his motions to modify damages and set aside the default and default judgment.

The motion to dismiss the appeal is denied.

2. *A default judgment for an amount greater than that stated in the complaint is void.*

    a. *The purpose of section 580 is to provide notice of the maximum amount of liability.*

Section 580, subdivision (a) provides in part: "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint . . . ." "[T]he primary purpose of the section is to guarantee defaulting parties adequate notice of the maximum judgment that may be assessed against them." (*Greenup v. Rodman* (1986) 42 Cal.3d 822, 826 [231 Cal.Rptr. 220, 726 P.2d 1295]; see also *Becker v. S.P.V. Construction Co.* (1980) 27 Cal.3d 489, 494 [165 Cal.Rptr. 825, 612 P.2d 915].)

A defendant has the right to elect not to answer the complaint. (*Greenup v. Rodman, supra,* 42 Cal.3d at p. 829.) Although this may have been a tactical move by defendant, it is a permissible tactic. Defendant, relying on the absence of a statement of damages in the complaint, was entitled to have default entered against him. Section 580 "ensure[s] that a defendant who declines to contest an action . . . [is] not . . . subject[ed] . . . to open-ended liability" and operates as a limitation on the court's jurisdiction. (*Greenup v. Rodman, supra,* 42 Cal.3d at p. 826; see *Electronic Funds Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1173–1174 [36 Cal.Rptr.3d 663].)

Section 580 must be strictly construed. (*Greenup v. Rodman, supra,* 42 Cal.3d at p. 826.) In *Becker v. S.P.V. Construction Co., supra,* 27 Cal.3d 489, the court stated, "The notice requirement of section 580 was designed to insure fundamental fairness. Surely, this would be undermined if the door were opened to speculation, no matter how reasonable it might appear in a particular case, that a prayer for damages according to proof provided adequate notice of a defaulting defendant's potential liability. If no specific amount of damages is demanded, the prayer cannot insure adequate notice of the demands made upon the defendant. [Citation.]" (*Id.* at p. 494.)

The California Supreme Court has explained, " '[T]he court's jurisdiction to render default judgments can be *exercised only in the way authorized by*

*statute.*' [Citation.] . . . '[C]ertainly no statutory method of procedure or limitation on power could be more clearly expressed than that set forth in section 580 . . . .' [Citation.]" (*In re Marriage of Lippel* (1990) 51 Cal.3d 1160, 1167 [276 Cal.Rptr. 290, 801 P.2d 1041].)

If a default judgment awarded against a defendant exceeds the relief demanded in the complaint (*Janssen v. Luu* (1997) 57 Cal.App.4th 272, 278 [66 Cal.Rptr.2d 838]), or is a different form of relief than that demanded in the complaint (*Finney v. Gomez* (2003) 111 Cal.App.4th 527, 539 [3 Cal.Rptr.3d 604]), the defendant is "effectively denied a fair hearing . . . [citations]" (*Matera v. McLeod* (2006) 145 Cal.App.4th 44, 61 [51 Cal.Rptr.3d 331]). Thus, a default judgment in an amount greater than the amount demanded is void and subject to either direct or collateral attack. (*In re Marriage of Lippel, supra*, 51 Cal.3d at p. 1163.)

  b. *Constructive notice of potential liability does not satisfy section 580.*

█ Under section 580 actual notice of the damages sought is not sufficient; due process requires "formal notice." (*Greenup v. Rodman, supra*, 42 Cal.3d at p. 826; *Electronic Funds Solutions, LLC v. Murphy, supra*, 134 Cal.App.4th 1161, 1176.) Plaintiff argues defendant received notice of the potential damages that could be entered against him by virtue of his (1) representation of her in the underlying action, (2) participation in discovery in this action, (3) joint trial preparation and exchange of evidence, and (4) presence at the default prove-up hearing. This argument does not persuade because constructive notice of potential liability does not satisfy section 580. (*Janssen v. Luu, supra*, 57 Cal.App.4th at p. 277.)

In *Janssen*, the complaint, filed in municipal court, was for breach of lease and prayed for general damages according to proof. The fact that the municipal court's jurisdiction was limited to $25,000 was not sufficient to give notice to the defaulting defendants of the extent of their exposure. The court concluded "the notice requirement of section 580 exists to insure fundamental fairness, and it should not be undermined by speculation about what a defendant may or may not know about the municipal court's jurisdictional limits." (*Janssen v. Luu, supra*, 57 Cal.App.4th at p. 279.) The court further explained, " 'Even if defendants may be deemed to have constructive notice of the jurisdictional limit, due process requires that they know exactly what risk they assume by not responding to the pleading. . . . [Section 580] and due process require[] that defendants be told exactly what their exposure is.' " (*Id.* at p. 277.)

Defendant's active participation in discovery and other pretrial procedures was not a waiver of his right to object to the amount of damages awarded.

(*Greenup v. Rodman, supra,* 42 Cal.3d at pp. 830–831 [in pending two-year contested action where the defendant was actively involved in discovery, court held default judgment exceeded amount requested in complaint and directed that the plaintiff be given option to amend complaint to conform to § 580].)

Nor was defendant on notice of the damages because he attended the default hearing. Although defendant was *physically* present at the hearing, he was in default, and therefore "out of court." He did not participate in his capacity as a defendant but only as a witness who had been subpoenaed by plaintiff to testify.

Plaintiff also maintains that defendant's demurrer to the complaint is the "functional equivalent of an answer." However, if this line of reasoning were to be followed, then defendant was not in default, which was not the case. Default was properly entered after defendant failed to comply with the court's order to answer *after* his demurrer was overruled. (§§ 472a, 586, subd. (a)(2).) And, as noted, defendant had the right to elect not to answer the complaint. (*Greenup v. Rodman, supra,* 42 Cal.3d at p. 829.)

    c.   *Because plaintiff did not comply with the notice requirements, the judgment is void and must be vacated.*

A complaint that merely prays for damages according to proof without specifying any amount cannot satisfy section 580. (*Becker v. S.P.V. Construction Co., supra,* 27 Cal.3d at p. 494.) Where "no specific amount of damages is demanded, there is no adequate notice to the defendant—and a default judgment entered under those conditions is void. [Citation.]" (*Janssen v. Luu, supra,* 57 Cal.App.4th at p. 279.) Where a judgment is void, it must be vacated. (See *Burtnett v. King* (1949) 33 Cal.2d 805, 808 [205 P.2d 657]; see also *In re Marriage of Lippel, supra,* 51 Cal.3d at p. 1163.)

Because the complaint here did not specify the amount of damages sought, it cannot support a default judgment in any amount. Thus, the trial court erred in awarding plaintiff $2.65 million. The judgment is void and must be vacated. On remand, plaintiff may move to amend the complaint to state the full amount of damages sought. (*Greenup v. Rodman, supra,* 42 Cal.3d at pp. 830–831.) If plaintiff is permitted to do so, defendant will have the opportunity to attack the amended pleading, answer it, or default once more, if he so chooses. (See *Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 831 [26 Cal.Rptr.3d 104].)

In light of this ruling, we need not separately consider the denial of the motion to modify damages and motion to set aside the default and default judgment.

## DISPOSITION

The judgment is reversed and the case is remanded. Respondent's motion to dismiss the appeal is denied. Appellant shall recover his costs on appeal.

Moore, J., and Fybel, J., concurred.