Filed 3/30/15  Harper v. Gilmore-Island CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GREGORY HARPER,<br><br>        Defendant and Appellant,<br><br>v.<br><br>AVERINE GILMORE-ISLAND,<br><br>        Plaintiff and Respondent. | A140900<br><br>(Alameda County<br>Super. Ct. No. RF 12655394) |

Gregory Harper attempts to appeal from a protective order against him in favor of Averine Gilmore-Island, which order was entered January 25, 2013.  Harper's appeal was filed February 4, 2014.  Gilmore-Island's respondent's brief did not argue that the appeal was untimely, and so on our own motion we asked Harper to address the issue in a supplemental letter brief.  We have reviewed that brief and conclude that the appeal is untimely by any measure and must be dismissed.

A timely appeal is a prerequisite to the court's jurisdiction.  Because it is, an untimely appeal must be dismissed, which can be done on motion of respondent or the court's own motion.  (*Hollister Convalescent Hospital, Inc. v. Rico* (1975) 15 Cal.3d 660, 666-667; *Estate of Hanley* (1943) 23 Cal.2d 120, 123 ["court has no discretion but must dismiss the (untimely) appeal of its own motion even if no objection is made"].)

California Rules of Court, rule 8.104(a)[1] deals with the "normal time" to file a notice of appeal, which includes the earliest of 60 days after notice of entry of judgment or 180 days after judgment.  Rule 8.108 deals with "extending the time to appeal."

The record here reflects that following a trial on January 25, 2013, the Honorable Thomas Reardon granted the petition of Gilmore-Island for a protective order, protecting her from Harper.  The minute order for that date reflects the following:

"Cause called for trial:  January 25, 2013.

"Petitioner Averine Gilmore-Island appearing in pro per with daughter-in-law Maxine Johnson-Gilmore.

"Respondent Gregory Harper appearing represented by Dewaun Lackhart.

"Kashra Kamooneh, Shelima Simmons, Nora Burnette and Latasha Mitchell appearing as witnesses for Petitioner.

"The parties and witnesses are sworn by the Court.

"Petition for Protective Order (Elder or Dependent Adult Abuse) Granted.

"The protected person's name is Averine Gilmore-Island.

"The restrained person's name is Gregory Harper, Male, Ht.: 5'10", Weight:  260, Race:  Black, Hair Color:  Black, Eye Color:  Brown, Age:  49, Born:

"This Order, except for an award of lawyer's fees, expires at midnight on 01/25/2018.

"There was a hearing on 01/25/2013 at 11:00, Dept. 4

"This is a Court Order."

The order originally entered by the clerk's office erroneously stated that it would expire midnight January 25, *2013*.  That error was then corrected, and an amended order was entered, reflecting that the expiration date was January 25, *2018*.  Harper admits that the amended order was served on him on August 16, 2013.

On October 11, 2013, Harper moved for reconsideration and to vacate the order. The motion was heard by Judge Reardon on December 6, and denied.

---

[1] All subsequent rule references are to the California Rules of Court.

On February 4, 2014, Harper filed his notice of appeal from the protective order filed January 13, 2013. That appeal was not timely.

As the leading treatise puts it, discussing rule 8.108: "c. **Extension by motion to vacate judgment** [¶] (1) [3:77] **Earliest of three potential deadlines:** Service and filing of a valid motion or notice of intention to move to vacate a judgment within the CRC 8.104(a) normal appeal deadline ([¶]*3:10 ff.*) extends the earliest time for *any party* to appeal the judgment until the *earliest* of the following three dates: [¶] (a) [3.78] **30-day deadline:** Thirty days after the superior court clerk or a party serves an order denying the motion or notice of entry of that order. [CRC 8.108(c)(1); *Stein v. York* (2010) 181 Cal.App.4th 320, 324-325; [citation]] [¶] *Withdrawal* of a motion to vacate is deemed the equivalent of a denial of the motion, thus triggering the 30-day extension. [Citations.] [¶] (b) [3.79] **90-day deadline**: *Or,* 90 days after filing of the first motion or notice of intention to move to vacate the judgment. [CRC 8.108(c)(2); [citations] [¶] (c) [3.80] **180-day deadline:** *Or,* 180 days after entry of judgment (the *outside* time limit, [¶] 3.62). [CRC 8.108 (c)(3)]." (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group 2014) §§ 3.77-3.80, pp. 3-38-3-29.)

Harper's supplemental letter brief argues that the appeal is timely, arguing as follows: "Here, the appeal of the court's December 6, 2013, ruling was filed on February 4, 2014, well within the 60 day time limit prescribed by Rule 8.104.) Such argument is disingenuous, as it directly contradicts the statements in appellant's brief and the civil case information sheet Harper's counsel signed on February 28, 2014, that the date of the order appealed from was "1/25/13." The argument is also wrong, as it ignores rule 8.108, and also the law that an order denying reconsideration is not appealable, as we ourselves have held. (*Crotty v. Trader* (1996) 50 Cal.App.4th 765, 771.)

The appeal is dismissed.

_____
Richman, J., Acting P.J.


We concur:


_____
Stewart, J.


_____
Miller, J.