Filed 5/29/24  Solorzano v. Uriostegui CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Yuba)

----

|  |  |
|---|---|
| EDGAR SOLORZANO, | C098461 |
| Plaintiff and Respondent, | (Super. Ct. No. CVCV2200201) |
| v. |  |
| LAMBERTO URIOSTEGUI, |  |
| Defendant and Appellant. |  |

This is an appeal by pro. per. defendant Lamberto Uriostegui (Uriostegui) from an order denying a motion to set aside a default judgment under Code of Civil Procedure[1] section 473, subdivision (b).  Although we affirm the order denying Uriostegui's motion for relief from default, we nevertheless conclude that the resulting default judgment is void and must be vacated because it awarded damages in excess of that demanded in the complaint.

BACKGROUND FACTS AND PROCEDURE

On March 14, 2022, plaintiff Edgar Solorzano (Solorzano) filed a complaint against defendants Uriostegui and Innovative Builders, Inc. (Innovative) alleging various

---

[1]     Undesignated section references are to the Code of Civil Procedure.

1

causes of action arising from his employment with Innovative, including failure to pay wages. Uriostegui was personally served with a copy of the summons and complaint on April 14, 2022.

After reviewing the summons served upon him, Uriostegui concluded that it was defective because it had a *stamped* court seal, instead of the *embossed* seal that he believed was required under California law. Based on his belief that the summons was invalid, Uriostegui did not respond to the complaint.

On July 7, 2022, Solorzano filed a request for entry of default, and the clerk of the trial court entered Uriostegui's default on that date.

Over six months later, on January 9, 2023, the trial court held a default prove-up hearing. On January 11, 2023, the court issued a judgment in favor of Solorzano in the amount of $108,139.95.

On February 10, 2023, Uriostegui filed a motion to set aside the entry of default and default judgment under section 473, subdivision (b), and section 473.5. In support of the motion, Uriostegui argued that his failure to respond to the complaint was due to inadvertence or excusable neglect. Solorzano opposed the motion, arguing that the motion was untimely and, in any event, lacked merit. The trial court denied the motion and Uriostegui appealed.

DISCUSSION

I

*Denial of the Section 473 Motion*

Uriostegui argues that the trial court erred in denying his motion for relief under section 473, subdivision (b). We disagree.

Section 473, subdivision (b), permits a court to "relieve a party . . . from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. (§ 473, subd. (b).) Because the

2

law favors disposing of cases on their merits, the provisions of section 473 are liberally construed. (*Maynard v. Brandon* (2005) 36 Cal.4th 364, 372.)

Nevertheless, appellate review of an order denying a motion to set aside a default is "highly deferential." (*McClain v. Kissler* (2019) 39 Cal.App.5th 399, 413.) " 'A ruling on such a motion rests within the sound discretion of the trial court, and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice.' " (*Id*. at p. 414.)

Uriostegui has not shown that the trial court abused its discretion in denying his motion for relief. To begin, a party who seeks relief under section 473, subdivision (b), must be diligent. (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258.) A request for relief must be made "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§ 473, subd. (b); *Kendall v. Barker* (1988) 197 Cal.App.3d 619, 624.) Where the moving party seeks relief from a default and default judgment, the "the six-month period runs from *the date of entry of default* rather than from *the date of entry of the default judgment*." (*Weiss v. Blumencranc* (1976) 61 Cal.App.3d 536, 541; accord, *Pulte Homes Corp. v. Williams Mechanical, Inc.* (2016) 2 Cal.App.5th 267, 273.) Because Uriostegui filed his motion more than six months after the trial court clerk's entry of default, the motion was not timely.

In addition, a party who seeks relief under section 473 based on a mistake or neglect must demonstrate that the neglect or purported mistake was excusable. (*Kendall v. Barker*, *supra*, 197 Cal.App.3d at pp. 623-624; *Jackson v. Bank of Am.* (1983) 141 Cal.App.3d 55, 58.) An honest and reasonable mistake of law is a valid ground for relief when the legal problem posed is complex and debatable. (*State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 611.) But where the mistake is the result of general ignorance of the law coupled with unjustifiable negligence in

3

ascertaining it, relief will be denied. (*Robbins v. Los Angeles Unified School Dist.* (1992) 3 Cal.App.4th 313, 319.)

Uriostegui's claimed mistake was that he believed—and apparently still believes—the summons was invalid because it lacked a proper seal. The trial court determined by implication that the claimed mistake was insufficient to constitute excusable neglect. We agree. Even if Uriostegui honestly held the belief that the summons was invalid because it lacked an embossed seal, his belief was not reasonable. California law explicitly states that "[t]he seal of any superior court may be affixed by a seal press or stamp which will print or emboss a seal which will reproduce legibly under photographic methods." (Gov. Code, § 68074.1.) It was not reasonable for Uriostegui to assume that he could ignore the summons based on perceived irregularities in the seal. Accordingly, the trial court did not abuse its discretion in denying his motion for relief.[2]

II

*Validity of Default Judgment*

On our own motion we ordered the parties to file supplemental briefs addressing whether the default judgment is void on its face because it awards damages in excess of that demanded in the complaint. With our permission, Uriostegui filed a late supplemental brief, arguing that the judgment is void to the extent it awards damages exceeding the relief demanded in the complaint. Solorzano did not file a supplemental responsive brief.

Having reviewed Uriostegui's supplemental brief, we agree that the default judgment is void and must be vacated to the extent it awards damages in excess of the amount demanded in the complaint.

---

[2] We recognize that Uriostegui is representing himself in this matter, but that status does not entitle him to any special treatment by the courts. Rather, courts are required to hold him to the same standards as a practicing attorney. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

Section 580, subdivision (a) provides that "[t]he relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint . . . ."[3] (§ 580, subd. (a); see §§ 425.10, 585, subds. (a)-(b).) The primary purpose of this provision is " 'to guarantee defaulting parties adequate notice of the maximum judgment that may be assessed against them.' " (*Stein v. York* (2010) 181 Cal.App.4th 320, 325 (*Stein*); accord, *Sass v. Cohen*, *supra*, 10 Cal.5th at p. 873.)

Section 580 is "strictly construed 'in accordance with its plain language . . . .' " (*Airs Aromatics, LLC v. CBL Data Recovery Technologies, Inc.* (2018) 23 Cal.App.5th 1013, 1018 (*Airs Aromatics*).) Thus, in all default judgments, the specific amount of damages demanded in the complaint " 'sets a ceiling on recovery,' and a judgment purporting to grant relief beyond that ceiling is void" as beyond the court's jurisdiction and subject to either direct or collateral attack. (*Sass v. Cohen*, *supra*, 10 Cal.5th at pp. 863, 873, 877-878; *Stein*, *supra*, 181 Cal.App.4th at p. 326; *Nat'l Diversified Servs. v. Bernstein* (1985) 168 Cal.App.3d 410, 417.)

The operative complaint alleges only that Solorzano suffered damages in an amount in "excess of the jurisdictional limits of [the] Court," according to proof at trial. Other than referring to the jurisdictional threshold (§§ 85, 88), the complaint does not demand any specific dollar amount of damages. Accordingly, the most that could have been awarded in damages was $25,000, based on the jurisdictional allegation in the complaint.[4] (*Airs Aromatics*, *supra*, 23 Cal.App.5th at p. 1020; *Electronic Funds*

---

[3]     The only exceptions to section 580 are personal injury or wrongful death cases and cases requesting punitive damages (*Sass v. Cohen* (2020) 10 Cal.5th 861, 870-871), none of which apply here.

[4]     The jurisdictional limit for an action to be treated as a limited civil case was raised to $35,000 effective January 1, 2024, but the jurisdictional limit at the time the complaint was filed and judgment was entered in this case was $25,000. (Former § 85; Stats 2023, ch. 861 § 2.)

*Solutions, LLC v. Murphy* (2005) 134 Cal.App.4th 1161, 1173-1174; *Greenup v. Rodman* (1986) 42 Cal.3d 822, 830.)  The default judgment is void for having exceeded that amount.

## DISPOSITION

The order denying Uriostegui's motion for relief under section 473, subdivision (b) is affirmed.  Nevertheless, the default judgment in favor of Solorzano is reversed and this matter is remanded to the trial court with directions to vacate the award of damages.  On remand, Solorzano may elect whether to reapply for a default judgment seeking damages limited to the amounts prayed for in the operative complaint[5] or, in the alternative, amend the complaint to state the full amount of damages he seeks.  (*Airs Aromatics*, *supra*, 23 Cal.App.5th at p. 1024.)  In the interest of justice, each party shall bear their own costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(5).)


_____\s\_____
Krause, J.

We concur:


_____\s\_____
Earl, P. J.


_____\s\_____
Wiseman, J.*

_____

[5]      We need not and do not decide whether the amended jurisdictional limit of section 85 would apply on remand.

*      Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6